UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JAMES C. MAXEY,       | No. 2:15-cv-01656-MCE-DAD |
|---|---|
| Plaintiff,            |         |
| v.                    | **ORDER** |
| KEVIN JOHNSON, et al.,|         |
| Defendants.           |         |

Plaintiff James C. Maxey ("Plaintiff") filed this action in the Sacramento County Superior Court on July 31, 2015, and Defendants removed the action to this Court on August 4, 2015.  See ECF No. 1.  Plaintiff alleges that Defendants are "electromagnetically tortur[ing]" him, and he seeks a temporary restraining order that suspends the construction of the Sacramento sports arena and places Plaintiff "in 'protective custody' for Plaintiff's safety and well-being."  Id. at Ex. A.  For the reasons that follow, Plaintiff's application for a temporary restraining order is DENIED.

This Court recently denied Plaintiff's Motion for Ex Parte Injunctive Relief in a case that Plaintiff filed just weeks before he filed this action.  See Maxey v. California, Case No. 2:15-cv-01597-JAM-EFB, ECF No. 4.  As the Court explained in a July 14, 2015, order in the prior case:

///

In order to qualify for injunctive relief, Plaintiff must, at minimum, demonstrate a "fair chance of success" that his claims will ultimately prevail on their merits. See, e.g., Johnson v. Calif. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995). This means that Plaintiff must demonstrate some likelihood of obtaining a favorable result in his case in chief. See A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1015, fn.3 (9th Cir. 2001). No matter how severe or irreparable the injury asserted, an injunction should never issue if the moving party's claims are so legally untenable that there is virtually no chance of prevailing on the merits. State of Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 180 (5th Cir. 1975).

As in the prior case, the Court finds that the inherent implausibility of the claims asserted by Plaintiff makes it impossible for this Court to conclude there is any likelihood he will ultimately prevail. On that basis alone, the requested temporary restraining order cannot issue. Plaintiff's Motion for Ex Parte Injunctive Relief (ECF No. 1) is accordingly DENIED.

IT IS SO ORDERED.

Dated: August 4, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT